IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


NANCY WHITE                                                                      PLAINTIFF


           v.                                CIVIL NO. 07-5144


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Nancy White brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial

review of a decision of the Commissioner of Social Security (Commissioner) denying her alleged

claim for benefits under the provisions of Title II of the Social Security Act.

On October 23, 2007, defendant filed a motion to dismiss arguing that this court lacks

subject matter jurisdiction because there is no "final action" of the Commissioner as required by

42 U.S.C. § 405(g) for her alleged disability insurance benefits (DIB) application.  Plaintiff filed

a response indicating that she informally applied for DIB when she applied for supplemental

security income (SSI) benefits on June 23, 2004, and that the ALJ erred in not issuing a decision

regarding her alleged DIB application. (Doc. # 5-6). On December 26, 2007, this court Ordered

defendant to file more information regarding plaintiff's applications filed with the Social Security

Administration (SSA). (Doc. # 7). Defendant filed the response on January 16, 2008. (Doc. # 8).

**Background:**

The record reflects that on December 30, 1987, plaintiff protectively filed an application for SSI which was denied initially on March 25, 1988. (Doc. # 8, Kelly Decl. Exhibit 1). No administrative appeal was pursued.

On July 3, 1996, plaintiff filed DIB and SSI applications which were denied by an ALJ decision dated July 1, 1998.  Plaintiff's request for review by the Appeals Council was denied by notice dated April 27, 2000. (Doc. # 8, Kelly Decl. Exhibit 1).  On July 7, 2000, plaintiff filed an appeal in the federal district court. This court affirmed the ALJ's decision and dismissed plaintiff's case on March 1, 2001. (Doc. # 8, Kelly Decl. Exhibit 2).

Plaintiff filed a new application for SSI on February 28, 2000, and a new application for DIB on April 3, 2000. These applications were denied by an ALJ decision dated June 18, 2001. (Doc. # 8, Kelly Decl. Exhibit 1).  Plaintiff's request for review by the Appeals Council was denied on February 14, 2002. On April 2, 2002, plaintiff filed an appeal in the federal district court. This court affirmed the ALJ's decision and dismissed plaintiff's case on June 2, 2003. (Doc. # 8, Kelly Decl.Exhibit 3).

On June 23, 2004, plaintiff filed her current application for SSI alleging an onset date of January 5, 2002. (Doc. # 8, Kelly Decl. Exhibit 4).  An ALJ granted plaintiff's application for benefits on September 15, 2006. (Doc. # 8, Kelly Decl. Exhibit 5). Plaintiff's request for review by the Appeals Council was denied on June 8, 2007. (Doc. # 8, Kelly Decl. Exhibit 6).  On August 13, 2007, plaintiff filed an appeal in the federal district court. (Doc. #1).

**Discussion:**

The basic question before this court is whether the district court has jurisdiction to consider plaintiff's claim. A federal district court's jurisdiction to review the Commissioner's decisions

AO72A
(Rev. 8/82)

regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Commissioner made after a hearing."  The Supreme Court has specifically held that § 405(h) prevents review of the Commissioner's decisions except as provided in § 405(g) of the Act.[1]  *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).  Accordingly, whether the district court has jurisdiction over the subject matter of this case depends on whether the actions taken by the Commissioner constitute a "final decision."

On September 15, 2006, the ALJ rendered a favorable determination regarding plaintiff's application for SSI filed on June 23, 2004.  Throughout the opinion the ALJ refers to plaintiff's SSI application and does not mention plaintiff's alleged application for DIB. While plaintiff argues that she informally applied for DIB, the ALJ does not address a DIB application in the September 15, 2006, hearing decision. As such we cannot say that a "final decision" has been rendered regarding plaintiff's alleged DIB application.  Accordingly we do not retain jurisdiction to review the Commissioner's actions with regard to plaintiff's alleged DIB application.

---

[1]     Section 405(g) provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405 (h) states in pertinent part:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

AO72A
(Rev. 8/82)

As a side note, we would point out that plaintiff states that the real issue is whether plaintiff filed a DIB application after 2002. (Doc. # 6 p.2). As recited above, plaintiff has filed numerous applications for benefits. Plaintiff appealed the DIB and SSI applications filed in 1996 and 2000, respectively, through the federal district court level. The federal court affirmed the ALJ's decision in each case. Therefore, the earliest onset date plaintiff would be able to use is the day after the date of the most recently denied application which is July 19, 2001. *See Ellis v. Barnhart,* 392 F.3d 988, 991 (8th Cir. 2005) (finding that when an earlier application has been denied, the current disability determination is limited to the period following the most recently denied application.). As plaintiff's insured status for DIB expired on December 31, 2000, absent plaintiff working and earning more quarters of coverage, plaintiff does not obtain the insured status to receive DIB at any point on or after July 19, 2001, the earliest possible onset date.

**Conclusion:**

Based on the above, we recommend granting defendant's motion and dismissing plaintiff's case with prejudice. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 19th day of February 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

4

AO72A
(Rev. 8/82)